UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY WYRICK,

        Plaintiff,

v.

        File No.  1:11-CV-652

        HON. ROBERT HOLMES BELL

OCTAPHARMA PLASMA, INC.,

        Defendant.

_____/

**O P I N I O N**

This action alleging disability discrimination is before the Court on Defendant's motion to limit damages.  (Dkt. No. 16.)  Defendant has also filed a motion for leave to file a reply brief.  (Dkt. No. 23.)  For the reasons that follow, Defendant's motion to limit damages will be denied without prejudice, and its motion for leave to file a reply brief will be granted.

**I.**

Plaintiff Wendy Wyrick was employed by Defendant Octapharma Plasma, Inc. from March 2010 to November 2010.  Plaintiff filed this action for damages and equitable relief in the Kalamazoo county Circuit Court, alleging discrimination in her employment and wrongful termination in violation of the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq*. and the Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq*.  Defendant removed the action to this court on the basis of diversity of

citizenship.

On October 20, 2011, Defendant filed the current motion to limit damages. Defendant asserts that during the pendency of this litigation it discovered that Plaintiff materially lied on her application for employment by falsely responding "no" to the question as to whether she had ever been convicted or received deferred adjudication on a criminal charge. In support of its motion, Defendant has presented evidence that on December 16, 2008, in Pinellas County, Florida, Plaintiff was found guilty of the offense of obstructing or resisting an officer; the adjudication of guilt was withheld, and Plaintiff was placed on probation. (Dkt. No. 16, Def.'s Br., Ex. B.) Defendant has also presented evidence that it would have terminated Plaintiff on the basis of her false representation had it known of it. (Dkt. No. 16, Ex. D, McCoy Aff.; Ex. E, Burch Aff.; Ex. F, LaCrosse Aff.) Defendant contends that, in light of Plaintiff's dishonesty and the disrespectful, disobedient and combative nature of the criminal offense about which she lied, Plaintiff's damages, if any, should be limited to a period of backpay spanning from the date her employment ended, November 24, 2010, until the date this new information was discovered, July 7, 2011.

Plaintiff opposes Defendant's motion to limit damages because she contends that the Pinellas County "Order Withholding Adjudication of Guilt and Placing Defendant on Court Supervised Probation" did not constitute a conviction or deferred adjudication. (Dkt. No. 21, Pl.'s Mem.) Plaintiff has attached her affidavit in which she states that the Florida judge told her that she would not have a conviction on her record, and, although she is not sure what a

deferred adjudication is, her understanding is that because she does not have a criminal conviction, there was no conviction to be deferred. (Dkt. No. 21, Wyrick Aff.) In addition, Plaintiff contends that Defendant's proposed remedy of limiting her damages is overbroad and premature. Whether or not Plaintiff is found to have lied on her application, Plaintiff contends that she needs discovery in order to challenge Defendant's assertion that it would have terminated Plaintiff had it known of her alleged misconduct.

## II.

Plaintiff opposes Defendant's motion to file a reply brief because she contends that the arguments could have been made in Defendant's original brief, and because Plaintiff would be prejudiced by the reply brief because she cannot respond. The Court will grant Defendant's motion to file a reply brief. Plaintiff will not be prejudiced by the Court's consideration of Defendant's limited response to arguments raised in Plaintiff's response brief.

## III.

The "after-acquired evidence" defense allows a defendant employer to show that an employee would have been terminated anyway had the employer known of wrongful conduct by the employee. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995). Such after-acquired evidence does not shield a defendant from liability, but must be taken into account in deciding the appropriate remedy. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 512-13 (6th Cir. 2006). "If the defense applies, it generally bars the employee from obtaining

3

front pay and reinstatement, and limits backpay." *Jones v. Nissan N. Am., Inc.*, 438 F. App'x 388, 405 (6th Cir. 2011). When an employer seeks to rely on after-acquired evidence of wrongdoing, it must establish first, that the wrongdoing in fact occurred, and second, that the wrongdoing was of such severity that the employee in fact would have been terminated. *Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1154 n.5 (6th Cir. 1995).

There is no meaningful legal distinction between an adjudication being deferred or withheld. Nevertheless, Plaintiff has presented evidence that she was not aware of the distinction, and she must be provided an opportunity to challenge Defendant's evidence that her denial that she was ever convicted or that she received deferred adjudication on a criminal charge would have resulted in her dismissal. Accordingly, Defendant's motion to limit damages will be denied without prejudice.

An order consistent with this opinion will be entered.


Date:  December 29, 2011                         /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE